FULLINWIDER v. SOUTHERN PAC. R. CO. OF CALIFORNIA et al.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1916.)

No. 2638.

PUBLIC LANDS ☞70—RAILROAD LAND GRANTS—CONSTRUCTION—CONDITIONS.
  Act March 3, 1871, c. 122, 16 Stat. 573, granted lands to the Texas Pacific
  Railroad Company, and provided in section 9 that all such lands not
  disposed of within three years after the completion of the road should be
  subject to settlement and pre-emption like other lands, at a price to be
  paid to the company, not exceeding an average of $2.50 per acre. Section
  23 authorized the Southern Pacific Railroad Company to construct a
  railroad connecting that of the Texas Pacific Railroad, "with the same
  rights, grants, and privileges and subject to the same limitations, restric-
  tions, and conditions as were granted to said Southern Pacific Railroad
  Company of California" by Act July 27, 1866, c. 278, 14 Stat. 292. *Held*,
  that this did not indicate an intent that the rights, grants, and privileges
  given the Southern Pacific Company were to be the same as those given
  the Texas Pacific Company, and did not attach to the grant to the South-
  ern Pacific Company the condition of section 9, nor can such a condition
  be read into section 23 because a similar provision was uniformly in-
  serted in railroad land grants during the two or three years preceding
  the grant in question.
  [Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 231, 236;
  Dec. Dig. ☞70.]

Appeal from the District Court of the United States for the South-
ern Division of the Southern District of California; Benjamin F.
Bledsoe, Judge.

Action by George S. Fullinwider against the Southern Pacific Rail-
road Company of California and others. From a decree dismissing
the bill, plaintiff appeals. Affirmed.

J. Mack Love, of Los Angeles, Cal., for appellant.

Charles R. Lewers, of San Francisco, Cal., and W. I. Gilbert and
Luther G. Brown, both of Los Angeles, Cal. (Guy V. Shoup, of San
Francisco, Cal., of counsel), for appellees.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, Dis-
trict Judge.

GILBERT, Circuit Judge. The appellant brought a suit to compel
the appellees to convey to him a certain half section of land situated
within the limits of the congressional grant made to the Southern
Pacific Railroad Company of California by the act of March 3, 1871
(16 Stat. 573). The complaint alleged that the appellant tendered the
railroad company $2.50 an acre for the land and demanded a convey-
ance of the same, but the conveyance was refused. From the final
decree of the court below, dismissing the bill for want of equity, the
present appeal is taken.

The act of March 3, 1871, contained a grant of lands to two rail-
road companies: First, to the Texas Pacific Railroad Company, which
was incorporated by the act; and, second, to the Southern Pacific
Railroad Company of California, a corporation which had received

a prior land grant in 1866. The main purpose of the act was to aid the Texas Pacific Company in the construction of a railroad from the eastern line of Texas, through El Paso and Yuma, to ship's channel in the Bay of San Diego. At the end of the act, and in section 23 thereof, is found the grant to the Southern Pacific Railroad Company of California, in words as follows:

"That, for the purpose of connecting the Texas Pacific Railroad with the city of San Francisco, the Southern Pacific Railroad Company of California is hereby authorized (subject to the laws of California) to construct a line of railroad from a point at or near Tehachapa Pass, by way of Los Angeles, to the Texas Pacific Railroad at or near the Colorado river, with the same rights, grants and privileges, and subject to the same limitations, restrictions, and conditions, as were granted to said Southern Pacific Railroad Company of California, by the act of July twenty-seventh, eighteen hundred sixty-six: Provided, however, that this section shall in no way affect or impair the rights, present or prospective, of the Atlantic & Pacific Railroad Company or any other railroad company."

The appellant predicates his cause of action upon the provisions of section 9 of the act, whereby there was imposed upon the grant to the Texas Pacific Railroad Company the following condition:

"And provided further, that all such lands, so granted by this section to said company, which shall not be sold, or otherwise disposed of, as provided in this act, within three years after the completion of the entire road, shall be subject to settlement and pre-emption like other lands, at a price to be fixed by and paid to said company, not exceeding an average of $2.50 per acre for all the lands herein granted."

There is no similar provision in the grant to the Southern Pacific Railroad Company of California, but the appellant contends that in section 23, which authorizes the construction of a railroad by the Southern Pacific Railroad Company of California, the intention of Congress is expressed to impose upon that company the same limitations and conditions that were imposed by section 9 upon the Texas Pacific Railroad Company, and that that intention is evidenced by the use of the words "with the same rights, grants and privileges," and that Congress thereby intended that the rights, grants, and privileges given to the Southern Pacific Company were to be the same as those given to the Texas Pacific Company, and thus attached to the grant the conditions contained in section 9; and the appellant contends that the words which immediately follow that clause, "and subject to the same limitations, restrictions, and conditions," are to be severed therefrom and associated with a wholly different subject-matter, to wit, the grant to the Southern Pacific Company by the act of Congress of July 27, 1866 (14 Stat. 292, c. 278). We are unable to understand the ratiocination by which such a conclusion is reached. Section 23 is plain, clear, and unambiguous, and leaves no room for construction, and there is no room to doubt that Congress thereby granted lands to the appellee with the same rights, grants, and privileges, subject to the same limitations, restrictions, and conditions, as were the lands granted by it to the same company by the act of July 27, 1866.

We find no merit in the contention that the conditions specified in section 9 should be read into section 23, for the reason that such

provisions were uniformly inserted in the grants which Congress had made in aid of the construction of railroads, in the two or three years which preceded the date of the grant in question, and that those grants and this should be construed in pari materia. Statutes are in pari materia which relate to the same persons or things, or to the same class of persons or things. Those various railroad grants were not in pari materia. They did not relate to the same persons or things, or to the same class of persons or things. Each grant was distinct in itself, and each grantee was distinct from the others. The grantee of one of those grants, in order to ascertain the nature of the rights and privileges conferred upon it, was not bound to refer to any other grant or act of Congress. Again, the rule of pari materia is a rule of construction only, and is resorted to for its assistance in determining the meaning of a doubtful statute. It has no application where the language of the statute is, as in the present instance, clear and unambiguous.

The decree is affirmed.